IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 2:94cr163 |
| v. | ) | |
| | ) | |
| ROBERT BRUCE GILLINS, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR A REDUCED SENTENCE
<u>PURSUANT TO THE FIRST STEP ACT OF 2018</u>**

Defendant seeks to lower his sentence under § 404 of the First Step Act, which extends the Fair Sentencing Act of 2010 to defendants who were sentenced before August 3, 2010. Defendant was convicted, after a guilty plea, of Operating a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848(a) and (c), and Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 2. During the sentencing phase of the defendant's case, he was held accountable for over 958.6 kilograms of crack cocaine. *See* PSR at p. 61. The offense involved vastly more crack cocaine than 280 grams, the new quantity threshold made retroactive by the Fair Sentencing Act, and the statutory maximum remains life and the current guidelines would yield a guideline range of life imprisonment. Had the Fair Sentencing Act been applied at his sentencing, his resulting sentence would not have been different, and his motion should be denied.

As discussed below, defendant's statutory penalty range should not change. And as to his guideline range, even today, the 958.6 kilograms or more of crack cocaine distributed during the conspiracy would give defendant a base offense level of 38 under the guidelines that

1

implement the Fair Sentencing Act. Defendant would still receive a two-point enhancement for possessing a firearm, a four-point enhancement for his leadership role, and a two-point increase for obstruction of justice. Furthermore, the PSR makes clear that the defendant engaged in violent activities in the execution of this conspiracy. The defendant was one of twenty-one individuals indicted in a massive multi-state drug conspiracy that lasted from 1989-1994. *See* PSR at ¶1, 24. The conspiracy was established in part by the defendant and was a major cocaine and crack distribution organization that stretched from New York, NY, to Miami, FL, an included many points in between, including but not limited to, Philadelphia, Baltimore, Charlotte, Columbia, SC, and Richmond, VA. *See id* at ¶27. The conspiracy organized by the defendant was violent. It used murder, assaults, beatings, shootings, arson, and abduction to further the aims of the conspiracy. *See id.* at ¶26. For instance, in August 1991, defendant and several other co-conspirators assaulted and beat a co-defendant for the loss of $180,000 of the drug organization's money, including holding the co-conspirator at gunpoint. *See id*. at 54. In February 1992, the defendant and another co-conspirator held another individual at gunpoint and shot him in the chest. *See id*. at ¶64. In April 1992, defendant shot an informant who provided information on a member of defendant's drug organization. *See id*. at ¶70. On October 17, 1992, at the direction of the defendant, a co-conspirator shot and killed Alvin Baker in retaliation for burning defendant's Lexus. *See id*. at ¶83. Earlier, defendant caused another person to be shot, erroneously believing the victim in that shooting was Alvin Baker. *See id*. at ¶82. The PSR further details the methods of illegal drug distribution employed by the defendant's organization.

For the reasons discussed below, this Court should deny defendant's motion for a sentence reduction. Under *Terry v. United States*, –S. Ct.–, 2021 WL 2405145 (U.S. June 14, 2021) defendant can no longer establish that he has a "covered offense" under § 404(a). Furthermore, even if the defendant were eligible for a reduction, his record of violence in furtherance of the drug distribution conspiracy is sufficient for this Court to refuse to reduce his sentence.

## II.     Analysis

### 1.     Defendant's offense under 21 U.S.C. § 848(a) and (c) is not a covered offense under § 404 of the First Step Act.

The Supreme Court recently abrogated the Fourth Circuit's precedent interpreting the definition of a covered offense under § 404(c) of the First Step Act, *see Terry v. United States*, – S. Ct.–, 2021 WL 2405145 (U.S. June 14, 2021), and *Terry*'s analysis has implications for whether an offense under 21 U.S.C. § 848(a) and (c) qualifies as a covered offense.

Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." § 404(a), 132 Stat. 5222 (citation omitted). The Fourth Circuit has held that "[t]he most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'" *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019). *Wirsing* concluded that "[b]ecause 'Federal criminal statute' appears closer to 'statutory penalties for which' than does 'violation,' it is more natural to attach 'penalties' to 'statute' than to 'violation.'" *Id*.

In *United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020), the Fourth Circuit applied *Wirsing* and concluded that a crack offense under 21 U.S.C. § 841(b)(1)(C) is a "covered offense." To conclude that a crack offense under § 841(b)(1)(C) counts as a covered offense, that court took into account the entire penalty scheme appearing in 21 U.S.C. § 841(b)(1), rather than evaluating the Fair Sentencing Act's effect on the statutory penalties for a § 841(b)(1)(C) violation.

But the Supreme Court rejected the doctrinal framework. Disagreeing with the reasoning of *Wirsing*, the Supreme Court held that in § 404(a), "'statutory penalties' references the entire, integrated phrase 'a violation of a Federal criminal statute.'" *Terry*, 2021 WL 2405145, at *4 (citing *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020)). The Supreme Court continued that the full phrase "means 'offense,'" and "[w]e thus ask whether the Fair Sentencing Act modified the statutory penalties for petitioner's offense." *Id*.

Applying that standard, the Supreme Court held that a crack offense under 21 U.S.C. § 841(b)(1)(C) is not a covered offense, abrogating *Woodson*. As the Supreme Court explained, the Fair Sentencing Act did not modify the statutory penalties for a crack offense under § 841(b)(1)(C). The Court continued that both before and after the Fair Sentencing Act, the statutory penalties for a crack offense under § 841(b)(1)(C) remained the same—0 to 20 years imprisonment, a fine of up to $1 million, or both, and a period of supervised release. *Terry*, 2021 WL 2405145 at *4.

In contrast, the Fair Sentencing Act did modify the "statutory penalties" for a crack offense under §§ 841(a), (b)(1)(A)(iii) and §§ 841(a), (b)(1)(B)(iii), provisions that trigger higher mandatory minimums and higher statutory maximums depending on the quantity of crack cocaine involved. "The Fair Sentencing Act plainly 'modified' the 'statutory penalties' for those

4

[offenses]. It did so by increasing the triggering quantities from 50 grams to 280 grams in subparagraph (A) and from 5 grams to 28 in subparagraph (B)." These changes are in turn reflected in the elements for those offenses. *Terry*, 2021 WL 2405145 at *5. "But no statutory penalty changed for subparagraph (C) offenders." *Id*.

In deciding that a crack offense under § 841(b)(1)(C) is not a covered offense, the Supreme Court rejected that a defendant could claim that a crack offense under § 841(b)(1)(C) is a covered offense by arguing that the Fair Sentencing Act modified the "penalty statute" or "penalty scheme." The Supreme Court explained that the definition of a covered offense in § 404(a) "directs our focus to the statutory penalties for petitioner's *offense*, not the statute or statutory scheme." *Terry*, 2021 WL 2405145 at *5. Moreover, the Court added, "[e]ven if the 'penalty statute' or 'penalty scheme' were the proper focus, neither was modified for subparagraph (C) offenders," for even offenders with greater than 5 or 50 grams of crack could have charged and prosecuted under subparagraph (C). *Id*. It "defies common parlance," the Court concluded, "to say that altering a *different* provision modified subparagraph (C). If Congress abolished the crime of possession with intent to distribute, prosecutors would have to bring charges under the lesser included offense of simple possession. But nobody would say that abolishing the first offense changed the second." *Id*.

The Supreme Court's reasoning in *Terry* shows that defendant's offense under 21 U.S.C. § 848(a) and (c) is not a covered offense. In determining whether an offense is a covered offense under § 404(a) of the First Step Act, *Terry* held that a court must determine "whether the Fair Sentencing Act modified the statutory penalties for petitioner's offense." *Terry*, 2021 WL 2405145 at *4. But because the statutory penalty range for a violation of 21 U.S.C. § 848(a) and (c) remains the same before and after the Fair Sentencing Act—20 years to life imprisonment, a

5

fine, and a term of supervised release—defendant's offense is not a covered offense under § 404. Nothing that the Fair Sentencing Act modified the statutory penalty range for an offense under § 848(a) and (c), the prerequisite that *Terry* requires for an offense to fall under § 404(a). *Terry* is also clear that a crime is not a "covered offense" merely because some aspect of the overarching statutory scheme, governing other offenses, was modified by the Fair Sentencing Act. Instead, the analysis turns on whether the statutory penalty range was changed for the defendant's actual offense of conviction—and here, that approach forecloses relief.

The statutory text of § 848(a) and (c) confirms this point because nothing in that text was modified by the Fair Sentencing Act, and in particular, reflecting the absence of any change to the text of § 848(a) and (c), the Fair Sentencing Act did not alter the statutory penalty range in § 848(a). Indeed, nothing in § 848(a) and (c) even differentiates between an offense that involved crack cocaine and other controlled substances—just like § 841(b)(1)(C). And when crack cocaine is involved in an offense under § 848(a) and (c), the statutory penalty range does not change—again just like § 841(b)(1)(C).

The definition of a continuing criminal enterprise is set forth in 21 U.S.C. § 848(c):

For purposes of subsection (a), a person is engaged in a continuing criminal enterprise if--

**(1)** he violates any provision of this subchapter or subchapter II the punishment for which is a felony, and
**(2)** such violation is a part of a continuing series of violations of this subchapter or subchapter II--
  **(A)** which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
  **(B)** from which such person obtains substantial income or resources.

The Fourth Circuit has explained that the elements of an offense under 21 U.S.C. § 848(a) and (c), and those elements do not alter the statutory penalty range depending on whether crack was involved, much less alter the statutory penalty range depending on the quantity of

6

crack involved.  *See, e.g., United States v. Stewart*, 256 F.3d 231, 254 (4th Cir. 2001); *United States v. Hall*, 93 F.3d 126, 129 (4th Cir. 1996), abrogated on other grounds by *Richardson v. United States*, 526 U.S. 813 (1999); *United States v. Heater*, 63 F.3d 311, 316–17 (4th Cir. 1995); *United States v. Ricks*, 882 F.3d 885, 890–91 (4th Cir. 1989).

> The elements of an offense under § 848(a) and (c) are as follows:
>
> (1) the defendant committed a felony violation of the federal drug laws; (2) such violation was part of a continuing series of violations of the drug laws; (3) the series of violations were undertaken by the defendant in concert with five or more persons; (4) the defendant served as an organizer or supervisor, or in another management capacity with respect to these other persons; and (5) the defendant derived substantial income or resources from the continuing series of violations.

*Stewart*, 256 F.3d at 254.

In short, a defendant is not exposed to a penalty range that is greater than 20 years to life depending on whether the offense involved crack or involved more than 5 or 50 grams of crack. Under *Terry*, that is the end of the inquiry.

Defendant makes several arguments that cannot be reconciled with *Terry*.  First, he points out that the requirements in § 848(c) could be satisfied by proving crack offenses that are deemed covered offenses under § 404.  But this argument overlooks that the statutory penalty range for § 848(a) and (c) does not change depending on whether a crack offense falls under § 841(b)(1)(C) or § 841(b)(1)(A) or (B).  As *Terry* notes, a subsection (A) or (B) crack offense could be charged under subsection (C), and if it were, for purposes of § 848(c), nothing would be different.  Literally every covered offense that might be used to prove a violation under § 848(c) could equally be proven by substituting the lesser included offense of a violation of §

841(b)(1)(C), which *Terry* holds is not a covered offense, and nothing would change for the § 848(a) and (c) offense. These points simply reinforce the straightforward conclusion that the Fair Sentencing Act does not alter the statutory penalty range for a § 848(a) and (c) offense.

Although the government must prove a series of violations of the federal drug laws, and the Fair Sentencing Act did modify some of the statutory penalty ranges for certain crack offenses, the Fair Sentencing Act simply did not modify the statutory penalty range for § 848(a) and (c) offense. As the Supreme Court explained, § 404(a) "directs our focus to the statutory penalties for petitioner's *offense*, not the statute or statutory scheme." *Terry*, 2021 WL 2405145 at *5. Defendant's leading argument cannot be sustained under *Terry*.

Next, defendant argues that he could have been subject to the mandatory life sentence under § 848(b), and he contends that an offense covered by § 848(b) should be deemed to qualify as a covered offense under § 404(a). Section 848(b) requires proof that, among other things, "the violation referred to in subsection (c)(1) involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title."

The central problem with this argument is that defendant did not receive a mandatory life sentence, and § 848(b) did not apply to him. Even assuming that an offense under § 848(b) would be deemed a covered offense because the Fair Sentencing Act modified the quantity of crack needed to satisfy § 841(b)(1)(B), the Supreme Court in *Terry* requires courts to examine which *offense* a defendant was convicted of committing. Just as the bare fact that § 841(b)(1)(B)(iii) is a covered offense does not make the lesser-included offense of § 841(b)(1)(C) a covered offense, so too treating an § 848(b) offense as a covered offense does not make an offense under § 848(a) and (c) a covered offense. The "integrated phrase 'a violation of a Federal criminal statute' … means 'offense,'" and hence, courts "ask whether the

8

Fair Sentencing Act modified the statutory penalties for [the defendant's] offense." *Terry*, 2021 WL 2405145 at *4. Likewise, § 404(a) "directs our focus to the statutory penalties for petitioner's *offense*, not the statute or statutory scheme." *Terry*, 2021 WL 2405145 at *5.

The focus on distinct offenses under § 848 is reflected in the precedent from courts of appeals even before *Terry*. Courts of appeals have correctly held, for example, that a drug-related murder under 21 U.S.C. § 848(e)(1)(A) is not a covered offense. *See, e.g., United States v. Fletcher*, 997 F.3d 95 (2d Cir. 2021); *United States v. Snow*, 967 F.3d 563 (6th Cir. 2020) (per curiam); *United States v. Roane*, 2020 WL 6370984 (E.D. Va. Oct. 29, 2020) (unpublished); *cf. Johnson v. United States*, 141 S. Ct. 1233 (2021) (denying stay of execution for defendant who argued that § 848(e)(1)(A) offense is covered offense under § 848(e)(1)(A)); *United States v. Johnson*, 838 F. App'x 765 (4th Cir. 2021) (denying petition for rehearing en banc for stay of execution raising whether defendant's § 848(e)(1)(A) offense is a covered offense). Under *Terry*, the conclusions in those cases about murder offenses under § 848(e)(1)(A) should not change even if a violation of § 848(a) and (c)—or a violation of § 848(b)—were deemed a covered offense. The Supreme Court's ruling in *Terry* compels that each offense under a statute be analyzed separately, and as *Terry* illustrates, different elements yield different offenses.

The defendant also invokes some filings the government has made in other cases that predated *Terry* and that do not dispute that an § 848(a) and (c) offense is a covered offense. But the Executive Branch, as much as this Court, must take into account the opinions of the Supreme Court in applying the laws of the United States, and as explained above, *Terry* alters the analysis here.

Courts have generally been generous in allowing parties to modify their positions in light of intervening precedent, *Joseph v. United States*, 135 S. Ct. 705, 706 (2014) (Kagan, J.,

9

statement respecting denial of certiorari) (collecting authority of courts of appeals that "accepts supplemental or substitute briefs as a matter of course when this Court issues a decision that upsets precedent relevant to a pending case and thereby provides an appellate with a new theory or claim"); the United States never acquiesced in this case in the view that § 848(a) and (c) offenses are covered offenses, *United States v. Vonn*, 535 U.S. 55, 58 n.1 (2002); and any broader theory of estoppel against the government would make no sense here, *New Hampshire v. Maine*, 532 U.S. 742, 755–56 (2001).

### 2. Even if the defendant's offenses of conviction were covered under the First Step Act, relief would be inappropriate given the defendant's history.

Finally, this Court in its discretion should deny relief. Under § 404, this Court is not required to reduce defendant's sentence even if this Court concludes that he has a covered offense. Section 404(b) states that the court that sentenced a defendant "may" impose a reduced sentence as if the Fair Sentencing Act had been in place. And § 404(c) strongly reinforces the breadth of this Court's discretion. Section 404(c) provides, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The defendant's extensive leadership in a massive drug distribution organization that lasted some four years and resulted in murders, shootings, arsons, beatings, abductions and other violent conduct should disqualify him from receiving relief. While the government notes the defendant has taken steps to rehabilitate himself during his incarceration, the fact remains that his leadership of this drug organization cost people their lives. The defendant personally shot people, held them at gunpoint and ordered others to murder on his behalf. As such, this defendant's sentence should not be reduced.

For the reasons stated above, this Court should deny defendant's motion for a sentence reduction and should do so without a hearing.

JESSICA D. ABER
UNITED STATES ATTORNEY

By    /s/
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address - joseph.kosky@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                  /s/
                                                Joseph L. Kosky
                                                Assistant United States Attorney
                                                Attorney for the United States
                                                United States Attorney's Office
                                                101 West Main Street, Suite 8000
                                                Norfolk, Virginia 23510
                                                Office Number (757) 441-6331
                                                Facsimile Number (757) 441-6689
                                                E-Mail Address - joseph.kosky@usdoj.gov