UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.  CRIMINAL NO. 2:94cr163-1

**ROBERT GILLINS,**

Defendant.

## MEMORANDUM ORDER

This matter comes before the court on Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 ("Motion"), filed on October 1, 2021. ECF No. 1160. In the Motion, Defendant requests that the court reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, pursuant to 18 U.S.C. § 3582(c)(1)(B).

### I.

On March 2, 1995, Defendant pleaded guilty to Counts Two and Thirteen of the Indictment. See ECF No. 249. Count Two charged Defendant with being involved in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848(a) and (c). On this Count, Defendant faced a minimum of twenty (20) years imprisonment and a maximum of life imprisonment. On June 12, 1995, the court sentenced Defendant to life. See ECF No. 392. Count Thirteen charged Defendant with Monetary Laundering and Conspiracy, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (a)(2). On this Count, Defendant

faced up to twenty (20) years of imprisonment. The court sentenced Defendant to twenty (20) years, to run concurrently with the life sentence. See ECF No. 392.

On October 1, 2021, Defendant filed the Motion. ECF No. 1160. The United States filed a Response in opposition on December 14, 2021. ECF No. 1166. Defendant filed a Reply on January 13, 2022. ECF No. 1167. The Probation Office filed a First Step Act Presentence Investigation Report ("PSR"), ECF No. 1162, on October 18, 2021, and filed a First Step Act Worksheet, ECF No. 1164, on November 10, 2021.

**II.**

Defendant seeks a sentence reduction pursuant to § 404(b) of the First Step Act, which states:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2019).

The First Step Act in § 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a), 132 Stat. at 5222.

2

When modifying sentences under the First Step Act, courts "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); see United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019) ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). In determining a defendant's eligibility under § 3582(c)(1)(B), a court "must look to the applicable statute to determine the extent to which modification is expressly permitted by [that] statute." Wirsing, 943 F.3d at 185 (quoting § 3582(c)(1)(B) (internal quotations omitted)).

Defendant makes two sets of arguments for why his conviction under 21 U.S.C. § 848(a) and (c) counts as a "covered offense" under the First Step Act. The first set focuses on the Fair Sentencing Act modifications to the statutory penalties in 21 U.S.C. § 848(b). See ECF No. 1160 at 5; ECF No. 1167 at 4. Defendant argues that because the penalties for at least one § 848 subparagraph has been modified, the court may resentence him even though the Fair Sentencing Act did not modify the penalties for the specific § 848 subparagraph of his offense. See ECF No. 1160 at 5-6; ECF No. 1167 at 3 (admitting that the Fair Sentencing Act did not change the penalty provision in § 848(a)). Defendant also argues that it would defy the "the text and spirit of the First Step Act" to deny Defendant relief but allow relief for a defendant

3

sentenced pursuant to § 848(b), because the offenses involve similar conduct and have overlapping statutory structures. ECF No. 1167 at 5. Lastly, Defendant argues that because he "could have received the penalty of mandatory life imprisonment set forth in 21 U.S.C. § 848(b) based on the elements charged in his indictment . . . the Fair Sentencing Act modified the statutory penalties in his case." ECF No. 1167 at 5-6.

These arguments ask the court to overstep its authority based in the First Step Act. The Supreme Court recently explained that the First Step Act directs the court's "focus to the statutory penalties for petitioner's <u>offense</u>, not the statute or statutory scheme." <u>Terry v. United States</u>, 141 S. Ct. 1858, 1863 (2021) (emphasis in original). A crime is not a "covered offense" merely because a part of the overarching statutory scheme, governing other offenses, was modified by the Fair Sentencing Act. <u>See id.</u> The Supreme Court in <u>Terry</u> found that a defendant who was convicted under 21 U.S.C. § 841(b)(1)(C) could not request a First Step Act resentencing even though § 841(b)(1)(A) and (b)(1)(B) count as covered offenses. <u>See</u> 141 S. Ct. at 1863-64. The Supreme Court emphasized that no statutory penalty changed for subparagraph (C) offenders. <u>See id.</u> at 1863. In his Motion, Defendant tries to lump the subparagraphs of § 848 together, labeling them all as "covered offenses." <u>See</u> ECF No. 1167 at 4-6. However, the Fair Sentencing Act changed nothing in § 848(a) or (c). Under <u>Terry</u>, the court's

4

analysis focuses on whether the Fair Sentencing Act modified the statutory penalties for Defendant's specific offense. See Terry, 141 S. Ct. at 1863. Applying that framework, Defendant's offense under § 848(a) and (c) does not count as a "covered offense."

Defendant's second set of arguments emphasize the reliance of § 848 (a) and (c) on underlying covered offenses. Defendant argues that his violation of § 848(a) and (c) is a "covered offense," because his Indictment for § 848(a) and (c) references predicate "covered offenses" like 21 U.S.C. §§ 841 and 846. See ECF No. 1167 at 3 (citing United States v. Hall, No. 2:93-cr-162-RAJ-1, ECF No. 860, at 9-10 (E.D. Va. Mar. 2, 2020) (Jackson, J.)). A continuing criminal enterprise charge, under § 848(c), requires the government to prove a series of violations of federal drug laws. See ECF No. 1167 at 2. Defendant's Indictment alleges violations of §§ 841(a)(1) and 846 as the predicate offenses for the § 848(a) conviction. See ECF No. 1167 at 2. Defendant argues that he does not need to show a modification to the penalty provision for his conviction, but rather only a modification to the penalty provision for any federal criminal statute he violated. See id. at 3.

This line of reasoning cannot be reconciled with Terry. While the Fair Sentencing Act did modify some of the statutory penalty ranges for these underlying drug laws, the Act simply did not modify the statutory penalty range for § 848(a) and (c). Whether Defendant's offense of conviction involved a modified predicate

offense does not impact the court's analysis. Defendant's position would expand the resentencing eligibility under the First Step Act to any offense that incorporates or references a "covered offense." See ECF No. 1167 at 3. In contrast, the language of the First Step Act and the Supreme Court's holding in <u>Terry</u> limit the court's analysis to Defendant's offense of conviction: § 848(a) and (c). <u>See</u> 141 S. Ct. at 1863. Defendant's eligibility under the First Step Act ends with the straightforward conclusion that the Fair Sentencing Act did not alter the statutory penalty range for § 848(a) and (c).

### III.

Even if Defendant's conviction under § 848 (a) and (c) counted as a covered offense, a sentence reduction would not be appropriate at this juncture. As an initial matter, the court finds that applying the revised Guidelines under the Fair Sentencing Act has no effect on Defendant's judgment. Under the revised Guidelines, Defendant's total offense level remains forty-six (46) and Defendant's Guideline sentencing range remains two hundred forty (240) months to life. <u>See</u> ECF No. 1164.

Once a court recalculates the Guideline range, it must then reconsider the sentence in light of the factors set forth in 18 U.S.C. § 3553(a). <u>See</u> <u>United States v. Lancaster</u>, 997 F.3d 171, 175 (4th Cir. 2021). Having reconsidered these factors, the court finds that they weigh against a reduction in sentence. The court

6


acknowledges Defendant's youth at the time of the offense and commends Defendant for his behavior while incarcerated, but the court cannot overlook the seriousness of Defendant's offense conduct. Defendant participated in a massive, multi-state drug conspiracy that lasted for five (5) years. See PSR ¶¶ 1, 24, 27. The conspiracy relied on murder, assault, shootings, arson, and abduction to further the conspiracy. See id. at ¶ 26. Defendant also had a leadership role in the conspiracy for the Tidewater area, with a four-point enhancement assessed at sentencing. See id. at ¶ 29; ECF No. 1164. Defendant's relevant criminal conduct included assaulting people, threatening people at gunpoint, and shooting people. See, e.g., PSR ¶¶ 54, 64, 70, 104. The court finds that his offense conduct and record of violence counsel against a reduction. Furthermore, while young, Defendant already had a criminal history category of III. Id. at ¶ 288. This category and his high offense level justified his life sentence as "sufficient, but not greater than necessary."[1] 18 U.S.C. § 3553(a). Any

---

[1] While the court considers every defendant's case separately on its own facts and merits, the court notes that three of Defendant's co-defendants also received life sentences and then subsequent sentence reductions under the First Step Act: Jeffrey Maillard, Bernard King, and Samuel Kelly. Unlike Defendant, their offense conduct included "covered offenses," qualifying them for resentencing.

Jeffrey Maillard was sentenced to life imprisonment under Count One of the Indictment for Conspiring to Distribute and Possessing with Intent to Distribute 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base, in violation of 21 U.S.C.

reduction would not reflect the seriousness of the offense, promote respect for the law, or provide adequate deterrence. See id.

### IV.

For the reasons stated in Section II, the court finds that Defendant failed to show his eligibility for a sentence reduction under the First Step Act. Furthermore, for the reasons stated in Section III, the 18 U.S.C. § 3553(a) factors do not support a reduction. Accordingly, the court **DENIES** Defendant's Motion, ECF No. 1160, for a reduction in sentence.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for Defendant, the United States Attorney at Norfolk, and the United States Probation Office at Norfolk.

---

§§ 846 and 841(a)(1) and (b)(1)(A)(ii)-(iii). ECF No. 1078. He received a three-point role enhancement at sentencing. Id. Pursuant to the First Step Act, he received a revised Guideline range from life down to three hundred sixty (360) months to life and received a sentence reduction from life to three hundred sixty (360) months. ECF Nos. 1078, 1106, 1107.

Bernard King received a life sentence for Count One of the same Indictment. ECF No. 1079. He received a three-point role enhancement at sentencing. Id. Pursuant to the First Step Act, he received no change to his Guideline range of life but received a sentence reduction from life to four hundred twenty (420) months. ECF Nos. 1079, 1093, 1094.

Samuel Kelly received a life sentence under Count One of the same Indictment; Count Two, Engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848(a) and (c); and Count Eleven, Conspiring to Commit Money Laundering, in violation of 16 U.S.C. § 1956(g). ECF No. 1114. He received a four-point role enhancement at sentencing. Id. Pursuant to the First Step Act, he received no change to his Guideline range of life but received a sentence reduction from life to four hundred fifty (450) months running concurrently with all other counts. ECF Nos. 1114, 1133.

8

IT IS SO ORDERED.

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

April 5, 2022

9